PEOPLE v WHITE

Docket No. 62490. Submitted February 9, 1983, at Grand Rapids.—
Decided July 7, 1983.

John D. White was convicted of assault with intent to murder,
Calhoun Circuit Court, Paul Nicholich, J. Defendant appealed,
alleging ineffective assistance of counsel. At the hearing on the
motion for new trial, defense counsel testified that he had
originally intended to have an independent psychiatric evalua-
tion of defendant to support his insanity defense. Defense
counsel submitted the names of three psychiatrists to defen-
dant's father, who was paying defendant's legal expenses. De-
fendant's father did not wish to proceed with any of the
proffered physicians. Apparently, defendant's father was not
willing to pay the cost of their services. Defense counsel ap-
proached the father again but was again rebuffed. Finally,
counsel concluded that defendant's father did not wish to
retain a psychiatrist. Defense counsel decided that there was no
point in pursuing an insanity defense without the testimony of
a psychiatrist. *Held:*

The standard to determine whether a defendant had effective
assistance of counsel in a criminal trial is that defense counsel
must perform at least as well as a lawyer with ordinary
training and skill in the criminal law and must conscientiously
protect his client's interests, undeflected by conflicting consider-
ations, and he must not have made a serious mistake but for
which the defendant would have had a reasonably likely
chance of acquittal. Defense counsel did not protect his client's
interests, undeflected by the consideration of defendant's fa-
ther's wishes.

Reversed and remanded.

CRIMINAL LAW — ASSISTANCE OF COUNSEL.
The standard to determine whether a defendant had effective

REFERENCES FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 752, 984-987.
Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations, and he must not have made a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Neil K. Disney,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Terence R. Flanagan),* for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant was convicted of assault with intent to murder, MCL 750.83; MSA 28.278, and was sentenced to five to ten years imprisonment. Defendant moved for a new trial alleging ineffective assistance of counsel. That motion was denied by the trial court. Defendant brings this appeal of right.

Defendant contends that he did not receive effective assistance of counsel because of defense counsel's failure to raise an insanity defense. We agree that defendant did not receive effective assistance of counsel, but for slightly different reasons than those advanced by defendant.

At the hearing on the motion for new trial, defense counsel testified that he had originally intended to have an independent psychiatric evaluation of defendant to support his insanity defense. Defense counsel submitted the names of three psychiatrists to defendant's father, who was

* Circuit judge, sitting on the Court of Appeals by assignment.

paying defendant's legal expenses. Defendant's father did not wish to proceed with any of the proferred physicians. Apparently, defendant's father was not willing to pay the cost of their services. Defense counsel approached the father again but was again rebuffed. Finally, counsel concluded that defendant's father did not wish to retain a psychiatrist. Without the testimony of such a physician, defense counsel decided there would be no point in pursuing an insanity defense. Thus, he did not file a notice of insanity defense.

In evaluating an effective assistance of counsel claim, Michigan courts apply a two-prong test. See *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). First, we assess defense counsel's conduct in light of the standard of performance set forth in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974):

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations."

We also consider whether counsel made a "serious mistake" and, if so, whether "but for this mistake defendant would have had a reasonably likely chance of acquittal". *People v Garcia, supra,* p 266.

In the present case, we find that defense counsel's conduct did not satisfy the *Beasley* standard, for he did not "conscientiously protect his client's interests, undeflected by conflicting considerations".

An attorney is under a duty to represent his client. He shall not permit a person who pays him to render legal services for another to direct or regulate his professional judgment in rendering those services. DR 5-107(B). On the record in this

case, defense counsel was more concerned with the desires of defendant's father, who retained him, than with the best interests of his client. Such representation does not meet the *Beasley* standard and constitutes ineffective assistance of counsel. Therefore, we reverse defendant's conviction and remand the case to the circuit court for a new trial.

Reversed and remanded.